### T. A. MAY v. NATIONAL FIRE INSURANCE COMPANY.

#### (Filed 22 December, 1916.)

**1. Courts—Terms—Expiration—Limitation—Judgments—Procedure.**

> A judgment by default signed on Sunday by the presiding judge on the street, after leaving the bench without adjourning court, but permitting the term to expire by limitation, is, irregular and voidable if not absolutely void; and the action of a judge holding a subsequent term, in setting it aside upon finding meritorious defense, will not be disturbed on appeal.

**2. Courts—Terms—Expiration—Limitations—Motions—Recess—Procedure.**

> After leaving the bench for a term of the Superior Court to expire by limitation, the judge cannot hear motions or other matters outside of the courtroom except by consent, unless they are such as are cognizable at chambers. The judicial procedure for recesses of court and adjournment pointed out by BROWN, J.

MOTION to set aside a judgment, heard at July Term, 1916, of SWAIN, before *Harding, J.* The court set aside the judgment, and plaintiff appealed.

*Frye & Frye for plaintiff.*
*Osborne, Cocke & Robinson, John M. Robinson for defendant.*

BROWN, J. The defendant bases its motion to set aside the judgment upon two grounds, viz., excusable neglect and that the circumstances under which the judgment was rendered make it irregular and void.

We will consider only the second ground.

The facts are that the Superior Court of Swain County, to which the summons in this case was returnable, convened on 6 March, 1916, Long, Judge, presiding. The complaint was filed on 7 March and the answer 18 March.

The judge finds "that the defendant has a good and meritorious defense to plaintiff's claim; that on 12 March, 1916, the judge presiding left the bench; that he did not adjourn the court, but left it to expire by limitation of law; that it is admitted by the attorneys for the plaintiff and found as a fact that the judge after so leaving the courtroom signed the judgment herein while standing in front of his boarding-house."

Prior to thus signing the judgment, his Honor had made a general order, as follows: " . . . and defendants are allowed thirty days thereafter to file answer or demur, except in those cases wherein judgments by default are taken in *open court.*"

A reference to the calendar will show that *12 March, 1916, was Sunday.*

We are of opinion that the judgment was irregular, not being rendered to the due course of judicial proceedings, and voidable, if not absolutely void.

A judgment of the Superior Court, other than strictly "chambers business," can only be rendered in term, when the court is in session and the judge presiding.

It cannot legally be rendered on the street. When the judge leaves the bench and the term is left to expire by limitation, the term ends then and there when the judge has finally left the bench. The judge then cannot hear motions or other matters outside of the courtroom except by consent, unless they are such matters as are cognizable at chambers. *Delafield v. Construction Co.,* 115 N. C., 22; *Hardee v. Timberlake,* 159 N. C., 552.

The orderly course of judicial procedure requires that when the court takes a recess until a certain hour, the crier should so announce, and when the presiding judge orders an adjournment *sine die* the crier should so announce, and the time of the adjournment should be entered on the minutes.

Affirmed.