EVON W. GEBB v. DAVID M. GEBB

No. 8329SC285

(Filed 6 March 1984)

**1. Rules of Civil Procedure § 56.3— summary judgment—materials properly considered**

In an action in which the trial court entered summary judgment finding a purchase money resulting trust in plaintiff's favor upon a parcel of property, there was no merit to defendant's arguments that the trial court should not have considered the contract of sale, which was attached to an unfiled deposition of defendant, or that entry of summary judgment was premature because discovery had not been completed, since the trial court may consider any material which would be admissible in evidence at trial and the record does not indicate that defendant objected to the presentation of the contract of sale at the hearing, and since there was no motion for a continuance in the record and the facts which would have raised a genuine issue of material fact were within the defendant's knowledge. G.S. 1A-1, Rule 56(c) and (f).

**2. Trusts § 19— purchase-money resulting trust—sufficiency of evidence**

The trial court properly entered summary judgment for plaintiff finding a purchase money resulting trust on property where plaintiff's forecast of evidence showed that $10,000.00 paid at the closing of the property came from a joint bank account of the parties; the next day defendant withdrew $9,000.00 from another of their joint accounts, of which $5,000.00 was used, to plaintiff's knowledge, to repay defendant's mother for money borrowed as earnest money, at the closing, defendant told plaintiff to sign the deed of trust "and the property is ours"; defendant told plaintiff that he could not mortgage the property because it was in her name also; the contract of sale listed plaintiff and defendant as buyers; and plaintiff was present at about all of the meetings with the sellers other than the initial negotiations.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 15 November 1982 in Superior Court, TRANSYLVANIA County. Heard in the Court of Appeals 10 February 1984.

*Potts & Welch by Paul B. Welch, III, for plaintiff appellee.*

*Riddle, Shackelford & Hyler by Robert E. Riddle for defendant appellant.*

BRASWELL, Judge.

Defendant appeals from the award of summary judgment for plaintiff and the entry of judgment declaring defendant to be the beneficial owner of a one-half undivided interest in a certain tract

of real property and to be trustee, for the benefit of plaintiff, of the other one-half interest. The issues are whether summary judgment for plaintiff was proper and whether the trial court considered improper materials in ruling upon the motion for summary judgment. For the reasons that follow, we affirm the trial court.

Plaintiff instituted this action praying the court to grant three alternative grounds for relief: (1) reformation of the deed to reflect ownership of the real property as a tenant by the entirety with the defendant, her former husband; (2) damages for fraud in an amount equal to one-half of the present market value of the property; or (3) establishment of either a constructive or purchase money resulting trust in plaintiff's favor upon the property. In behalf of these claims plaintiff alleged that her name had been mistakenly omitted from the deed; that defendant fraudulently procured the execution of the deed in his name alone and fraudulently represented to plaintiff that her name was on the deed; and that defendant took advantage of her trust as his wife and paid for the property with funds from their joint bank account. Defendant filed an answer in which he denied the material allegations of the complaint and requested that plaintiff be forced to elect which cause of action she intended to pursue.

Plaintiff moved for summary judgment. Based upon an examination of the pleadings, depositions and exhibits, the court allowed plaintiff's motion.

Gleaned from the materials before the trial court, which include portions of the depositions of the seller, W. S. Pruett, and of plaintiff, a receipt of payment from defendant and his mother, Cora Gebb, are the following facts:

On 19 October 1976, plaintiff and defendant executed a contract of sale with W. S. Pruett and wife in which plaintiff and defendant agreed to purchase a 150-acre tract of land for $95,000.00, which was to be paid as follows: $5,000.00 earnest money upon the signing of the contract; $10,000.00 in cash upon the delivery of the deed and closing; and the remainder of $80,000.00 in a promissory note secured by a purchase money deed of trust. The contract also provided: "Final settlement shall be on or before January 15, 1977, with the deed to David M. Gebb and wife, Evon W. Gebb."

On 19 October 1976, W. S. Pruett received a check for $5,000.00 drawn on the Clyde Savings and Loan Association, and payable to the order of defendant or his mother, Cora Ellen Gebb. Pruett prepared a handwritten note evidencing receipt of the check. The receipt also contained this notation: "The above check is to be handed to Mr. Carl Hyldburg, Attorney, on October 20, 1976 and to be held in escrow in accordance with the mutual understanding between W. S. Pruett and Mrs. Blanche P. Pruett, as sellers, and Mr. David M. Gebb and Mrs. Cora Ellen Gebb, as buyers."

The balance of the down payment, $10,000.00 was subsequently paid in January 1977 with moneys from the parties' joint bank account in Alaska. Plaintiff and defendant thereafter executed a promissory note and deed of trust in favor of the Pruetts for the balance of the purchase price. Plaintiff's name, however, was omitted from the deed.

Plaintiff first learned that her name had been omitted from the deed on 4 September 1980, after she and defendant had separated. When defendant informed her about the omission on that date, he indicated that he had just discovered the omission two months before. Defendant subsequently claimed, however, that her name was deliberately omitted.

Plaintiff also discovered that the document she signed at the closing, which she thought was the deed, was actually a deed of trust. At the closing, defendant had told her, "Sign this [deed of trust], Honey, and the property is ours." The funds for the $10,000.00 down payment came from one of their joint savings accounts. Defendant also withdrew $9,000.00 from another of their joint savings accounts, of which $5,000.00 was used, to plaintiff's knowledge, to repay the $5,000.00 defendant's mother had loaned them for the earnest money.

At least two times after the property was purchased, defendant wanted to mortgage the property. When plaintiff objected to his proposals, defendant told her, "Well, don't get upset because I couldn't . . . mortgage the property, anyway, because it's in your name, too."

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

Gebb v. Gebb

issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c).

The party moving for summary judgment has the burden of showing the lack of genuine issue of material fact and that it is entitled to judgment as a matter of law. *Koontz v. City of Winston-Salem,* 280 N.C. 513, 186 S.E. 2d 897, *rehearing denied,* 281 N.C. 516 (1972). If the movant is the party bringing the action, he must establish his claim beyond any genuine dispute with respect to any of the material facts. *Development Corp. v. James,* 300 N.C. 631, 268 S.E. 2d 205 (1980). A material fact is one which would constitute or irrevocably establish any material element of a claim or a defense. *Bone International, Inc. v. Brooks,* 304 N.C. 371, 283 S.E. 2d 518 (1981). If the movant establishes that he is entitled to summary judgment, his motion should be granted unless the non-movant responds and shows either the existence of a genuine issue of material fact or that he has an excuse for not so showing. *Moore v. Fieldcrest Mills, Inc.,* 296 N.C. 467, 251 S.E. 2d 419 (1979).

[1] Defendant argues that the trial court erroneously considered matters which were not of record and arguments of counsel in granting plaintiff's motions. More specifically, he argues the trial court should not have considered the contract of sale, which was an attachment to the unfiled deposition of defendant. He also argues that entry of summary judgment was premature because discovery had not been completed. We reject these arguments.

On a motion for summary judgment the court may consider the pleadings, depositions, answers to interrogatories, affidavits, admissions, oral testimony, *documentary materials,* facts which are subject to judicial notice, such presumptions as would be available upon trial, *and any other material which would be admissible in evidence at trial. Koontz v. City of Winston-Salem, supra,* at 518, 186 S.E. 2d at 901; *Singleton v. Stewart,* 280 N.C. 460, 186 S.E. 2d 400 (1972). The court may consider the arguments of counsel as long as the arguments are not considered as facts or evidence. There is nothing in the record to indicate that the arguments of counsel were considered as evidence. Moreover, the record does not indicate that defendant objected to the presentation of the contract of sale at the hearing. *See Insurance Co. v. Bank,* 36 N.C. App. 18, 244 S.E. 2d 264 (1978).

Ordinarily, a court errs when it hears and rules upon a motion for summary judgment while discovery is pending and the party seeking discovery has not been dilatory in doing so. *Conover v. Newton,* 297 N.C. 506, 256 S.E. 2d 216 (1979). However, here, as in *Conover,* the court's action did not constitute reversible error. "Rule 56(f) provides ample opportunity for the opposing party to move for a continuance of the motion in order to obtain more facts through discovery, or, in the alternative to move for a continuance on the grounds that the party is not, at that time, able to obtain the relevant facts in time to file opposing affidavits." *Hillman v. United States Liability Ins. Co.,* 59 N.C. App. 145, 154, 296 S.E. 2d 302, 308 (1982), *disc. review denied,* 307 N.C. 468, 299 S.E. 2d 221 (1983). There is no motion for a continuance in the record. Moreover, the facts which would have raised a genuine issue of material fact were within the defendant's knowledge.

[2]  The trial court's judgment tends to indicate that it entered judgment for plaintiff on the basis of either a resulting or constructive trust, without specifying which. The following discussion of the law of resulting and constructive trusts is particularly instructive:

> Whenever one obtains legal title to property in violation of a duty he owes to another who is equitably entitled to the land or an interest in it, a constructive trust immediately comes into being. Such a trust ordinarily arises from actual or presumptive fraud and usually involves an abuse of a confidential relationship. Courts of equity will impose a constructive trust to prevent the unjust enrichment of the holder of the legal title to property acquired through a breach of duty, fraud, or other circumstances which make it inequitable for him to retain it against the claim of the beneficiary of the constructive trust. *See Fulp v. Fulp,* 264 N.C. 20, 140 S.E. 2d 708 (1965); *Davis v. Davis, supra;* 13 Strong's North Carolina Index 3d *Trusts* § 14 (1978); V Scott, Law of Trusts § 461-462.4 (3d Ed. 1967).

> \* \* \* \*

> The classic example of a resulting trust is the purchase-money resulting trust. In such a situation, when one person furnishes the consideration to pay for land, title to which is

Gebb v. Gebb

taken in the name of another, a resulting trust commensurate with his interest arises in favor of the one furnishing the consideration. The general rule is that the trust is created, if at all, in the same transaction in which the legal title passes, and by virtue of the consideration advanced before or at the time the legal title passes. *See Fulp v. Fulp*, 264 N.C. 20, 140 S.E. 2d 708 (1965); *Rhodes v. Baxter*, 242 N.C. 206, 87 S.E. 2d 265 (1955); *Deans v. Deans*, 241 N.C. 1, 84 S.E. 2d 321 (1954); V Scott, Law of Trusts §§ 440-440.1 (3d Ed. 1967); Bogert, Trusts and Trustees § 455 (2d Ed. 1977) (hereinafter cited as Bogert). *See generally* 13 Strong N.C. Index 3d Trusts §§ 13-13.5 (1978).

If A and C pay for a parcel of land, but only C takes title, the theory of the law is that at the time title passed A and C intended that both would have an interest in the land. "A resulting trust is a creature of equity, and arises by implication or operation of law to carry out the presumed intention of the parties, that he, who furnishes the consideration for the purchase of land, intends the purchase for his own benefit." *Waddell v. Carson*, 245 N.C. 669, 674, 97 S.E. 2d 222, 226 (1957).

*Cline v. Cline*, 297 N.C. 336, 343-45, 255 S.E. 2d 399, 404-05 (1979).

The forecast of evidence presented by plaintiff shows that the $10,000 paid at closing, at the time of passing of title, came from a joint bank account of the parties. The next day defendant withdrew $9,000.00 from another of their joint accounts, of which $5,000.00 was used, to plaintiff's knowledge, to repay defendant's mother. At the closing, defendant told plaintiff to sign the deed of trust "and the property is ours." Defendant also told the plaintiff that he could not mortgage the property because it was in her name also. The contract of sale listed plaintiff and defendant as the buyers. Plaintiff was present at about all of the meetings with the Pruetts other than the initial negotiations.

The forecast of evidence that the moneys for the down payment at closing came from a joint bank account of the parties and that plaintiff signed a note for the balance of the purchase price and signed the deed of trust to secure payment of that note was sufficient to establish a prima facie case of a purchase money resulting trust. This prima facie case was reinforced by the con-

tract of sale, the defendant's assurances that the property was "ours," and plaintiff's presence at the meetings, which tends to show an intention of the parties that plaintiff was to be a one-half owner of the property.

The burden then shifted to defendant to present materials which would negate plaintiff's showing or raise a triable issue of fact. Defendant failed to do so. He could not rest upon the mere denials in his pleadings. G.S. 1A-1, Rule 56(e).

Since the plaintiff carried her burden of showing that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law, summary judgment for her was proper. The court properly imposed a purchase money resulting trust on the property. The judgment of the trial court is accordingly

Affirmed.

Judges WELLS and PHILLIPS concur.