LAMBE-YOUNG, INC. v. HOWARD M. AUSTIN AND OPAL L. AUSTIN

No. 8421DC778

(Filed 2 July 1985)

1. **Brokers and Factors § 1.1— exclusive sales contract—construction with offer to purchase**

    An "exclusive sales contract" and an "offer to purchase" executed on the same date had to be construed together in order to determine the terms of the whole agreement made between a real estate agency and property owners.

2. **Brokers and Factors §§ 2, 6.6— exclusive sales agreement—sale of property by owners—condition precedent—rescission of agreement—genuine issues of fact**

    In an action by a real estate agency against property owners to recover its commission under an exclusive sales contract after the owners sold the property themselves, the evidence on motion for summary judgment presented genuine issues of material fact as to whether the exclusive sales contract was subject to a condition precedent concerning the type of deal or trade the owners could get in their purchase of other property and whether the sales contract had been rescinded by the parties before the owners sold their property.

APPEAL by defendant from *Alexander, Judge.* Order entered 9 May 1984 in District Court, FORSYTH County. Heard in the Court of Appeals 14 March 1985.

*Bell, Davis & Pitt by William Kearns Davis and Joseph T. Carruthers for plaintiff appellee.*

*Finger, Parker & Avram by M. Neil Finger and Raymond A. Parker, II, for defendant appellants.*

COZORT, Judge.

The plaintiff real estate agency and the defendants executed an "Exclusive Sales Contract," giving the plaintiff an exclusive right to sell the defendants' house for six months. The defendants, however, sold their home themselves within the six-month period. The plaintiff brought this action to recover its 6% commission, or $5,580.00. The trial court granted the plaintiff's motion for summary judgment and ordered the defendants to pay the commission. The defendants have appealed from this order.

On 22 December 1982, Howard Austin, a defendant, met with Doris Burr, a real estate agent for the plaintiff, to discuss the purchase of a tract of land in Yadkin County and the simultaneous sale of his Forsyth County property. On that day, Austin and Burr signed two documents: (1) an "Exclusive Sales Contract" for 180 days at a price of $107,900.00 and (2) an "Offer to Purchase" the Yadkin County property at a price of $95,000.00. This "Offer to Purchase" was expressly "contingent upon the sale and closing of buyers [the defendants'] property" in Forsyth County. The defendants also deposited with the plaintiff $1,000.00 in earnest money for the purchase of the Yadkin County property.

On 9 February 1983, the plaintiff obtained an "Offer to Purchase" the defendants' Forsyth County property from a third party for the sum of $95,000.00. This offer was "conditioned upon the release of Mr. Austin" from the terms of the offer to purchase he had previously made on the Yadkin County property. The defendants were notified that the sale of their Forsyth County property and the purchase of the Yadkin County property would be closed on 28 February 1983. However, the defendants were later advised by an agent of the plaintiff that the third-party purchaser had reneged on its offer and the deal had fallen through.

According to defendant Howard Austin's affidavit, the plaintiff made two attempts to his knowledge to negotiate a trade to enable him to sell his Forsyth County property and to buy the Yadkin County property. Both attempts were unsuccessful. Austin further averred that an agent of the plaintiff, Kelly Burr, advised him that the deal could not be made because his asking price for the Forsyth County property was too steep and requested that he lower it. When Mr. Austin refused to do so, "the plaintiff's agent . . . advised [the Austins] that the deal was off and that [the plaintiff] could not sell [their] property . . . . Mr. Burr also told [the Austins] that he would advise [the owners of the Yadkin County property] that the 'deal was off.'" A few days later on 25 February 1983, the plaintiff returned the $1,000.00 deposit the defendants had given on the Yadkin County property.

Thereafter, the defendants sold their Forsyth County property for $93,000.00 on 12 April 1983, within the six-month period under the exclusive sales contract signed by the parties.

The defendants contend on appeal that the trial court improperly granted the plaintiff's motion for summary judgment and improperly entered judgment in its favor. We agree.

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). The party moving for summary judgment has the burden of showing the lack of any genuine issue of material fact. If the movant is also the party bringing the action, he must establish his claim beyond any genuine dispute with respect to any material fact. *Gebb v. Gebb*, 67 N.C. App. 104, 312 S.E. 2d 691 (1984).

In a general sense, an exclusive right to sell listing contract, like the contract involved in this case, gives the employed agent the exclusive right to sell the property during the term of the contract, precluding the seller from listing his property with other agencies and also precluding the seller himself from competing with the agent in obtaining a buyer. If the owner does sell the property by his own efforts during the term of the contract, the agent is still entitled to his commission. Webster and Hetrick,

North Carolina Real Estate For Brokers and Salesmen, 247 (2d ed. 1983).

On appeal, the plaintiff contends the facts of this case are as simple and as certain. We believe, however, that the record reveals several genuine issues of material fact that have not been resolved. To make this determination we initially must decide whether the exclusive sales contract represents the entire agreement between the parties. The exclusive sales contract contains no provision purporting to embody their entire agreement.

The plaintiff argues in its brief that because the exclusive sales contract does not contain on its face any condition precedent, the trial court properly disregarded the defendants' parol evidence that a condition precedent in fact existed. According to the plaintiff, since this parol evidence contradicted the written exclusive sales contract, it could not be considered by the trial court.

[1, 2]  In the first place, we disagree that the only evidence before the court concerning the condition precedent was parol. The "Offer to Purchase" which contains the condition that the defendants' offer to buy the Yadkin County property was contingent upon the sale of their home in Forsyth County is a written document. The plaintiff admits that the "Exclusive Sales Contract" and the "Offer to Purchase" were executed on the same date by the defendant through the plaintiff. "The general rule of contract is that '[a]ll contemporaneously executed written instruments between the parties, relating to the subject matter of the contract are to be construed together in determining what was undertaken.'" *In re Foreclosure of Sutton Investments*, 46 N.C. App. 654, 659, 266 S.E. 2d 686, 689, *disc. rev. denied*, 301 N.C. 90 (1980), *citing Yates v. Brown*, 275 N.C. 634, 640, 170 S.E. 2d 477, 482 (1969). These documents must therefore be construed together in order to determine the terms of the whole agreement made by the parties. In this regard, there was at least a genuine issue of fact as to how the condition affected the "Exclusive Sales Contract." According to the defendant Howard Austin in his affidavit, the "Exclusive Sales Contract" was subject to the condition precedent that the defendants be able to acquire the Yadkin County property without a cash outlay. Whether the sale of the defendants' property did in fact depend on the type of deal or

trade they could get in their purchase of the Yadkin County property has not yet been determined. We merely hold that because there was proper evidence before the trial court which raises this issue of fact, summary judgment in favor of the plaintiff was improperly granted.

Furthermore, there also appears to be a genuine issue of fact as to whether plaintiff's agent, Kelly Burr, by stating that the defendants' desired deal of simultaneously selling their property and buying a second parcel could not be obtained and by returning the defendants' earnest money on the Yadkin County property, in effect offered to rescind the "Exclusive Sales Contract" which was accepted by the defendants. It is well settled that "the parties to a contract may, by a later agreement, rescind a contract . . . if the original contract remains executory and if the parties in their later agreement, act upon a sufficient consideration." *Corbin v. Langdon*, 23 N.C. App. 21, 26, 208 S.E. 2d 251, 254 (1974). Since the plaintiff had not found a buyer or procured the sale of the defendants' property under the terms of the "Exclusive Sales Contract," that contract remained executory. Furthermore, the consideration for such an agreement is the discharge of each parties' obligations under the contract. Therefore, again we hold that there was a genuine issue of material fact as to whether the parties had rescinded the "Exclusive Sales Contract" by the time the defendants sold their property in April. The trial court thus improperly granted the plaintiff's motion for summary judgment.

Reversed and remanded.

Judges ARNOLD and PHILLIPS concur.