GEORGE MICHAEL SHROYER AND GAIL LITAKER SHROYER, PLAINTIFFS v. COUNTY OF MECKLENBURG, MECKLENBURG COUNTY HEALTH DEPARTMENT, PHILO WALKER, WILLIAM R. MARLIN, GEORGE HOUSTON, CONNELL MILLS PARTNERSHIP, W.T. NORWOOD, INC., HELMSMAN CONSTRUCTION, INC., AND ROBERT F. HELMS, DEFENDANTS

No. COA02-15

(Filed 19 November 2002)

**1. Construction Claims— third-party beneficiary breach of contract—design and installation of septic system**

A de novo review revealed that the trial court did not err by granting summary judgment in favor of defendant subcontractor on plaintiffs' third-party beneficiary breach of contract claim against the subcontractor for failing to properly design and install plaintiffs' residential septic system, because a landowner is not a third-party beneficiary to a subcontract between the builder and one of the builder's subcontractors.

## 2. Construction Claims— negligence—design and installation of septic system

A de novo review revealed that the trial court did not err by granting summary judgment in favor of defendant subcontractor on plaintiffs' negligence claim against the subcontractor for failing to properly design and install plaintiffs' residential septic system based on statements in plaintiffs' pretrial memorandum that were never memorialized in a formal pretrial order, because: (1) plaintiffs' arguments are irrelevant when they expressly abandoned their negligence claim and their right to do so did not require the signature of defendant's attorney or the presiding judge to give it effect; (2) as a document properly served and filed in this case, the trial court was entitled to consider the memorandum as a matter outside the pleading when it ruled on defendant's motion for summary judgment; (3) plaintiffs made no attempt to withdraw the memorandum from the court's consideration prior to or during the hearing on the motion; and (4) plaintiffs made no attempt to revive their negligence claim against defendant until after the court dismissed plaintiffs' breach of contract claim against defendant.

## 3. Civil Procedure— breach of contract—warranty of suitability of lot to build home—summary judgment—pretrial discovery

A de novo review revealed that the trial court did not err by granting summary judgment in favor of defendant real estate developer and the developer's manager on plaintiffs' breach of contract claim, regarding the warranties of the suitability of plaintiffs' lot to build a home, prior to the completion of pretrial discovery because: (1) there was no evidence that plaintiffs sought any discovery prior to defendants' motion for summary judgment; (2) there was no record of any objections by plaintiffs to the court proceeding with a hearing on defendants' motion; and (3) plaintiffs did not move for a continuance of the summary judgment hearing to allow additional time for pretrial discovery to take place.

## 4. Construction Claims— breach of contract—warranty of suitability of lot to build home—genuine issues of material fact

A de novo review revealed that the trial court did not err by granting summary judgment in favor of defendant real estate

developer and the developer's manager on plaintiffs' breach of contract claim regarding the warranties of the suitability of plaintiffs' lot to build a home even though plaintiffs allege there were genuine issues of material fact in dispute because: (1) plaintiffs did not allege that defendants tried to prevent or that they participated in plaintiffs' percolation test of the property; (2) defendants had no duty to disclose the 1991 investigation considering that both the test and investigation were performed by the Mecklenburg County Health Department and neither concluded the property was completely unsuitable for a home; and (3) there was no evidence that a house could not be built on the lot, and at most the evidence indicated that the house plaintiffs built had septic demands greater than those for which their septic system could accommodate.

Appeal by plaintiffs from orders entered 26 May 1999 and 23 May 2000 by Judge Ronald Payne and Judge Timothy L. Patti, respectively, in Mecklenburg County Superior Court. Heard in the Court of Appeals 18 September 2002.

*Cozen O'Connor, by Michael L. Minsker, for plaintiff-appellants.*

*DeVore, Acton & Stafford, P.A., by Fred W. DeVore, III, for defendant-appellee Connell Mills Partnership.*

*Crews & Klein, P.C., by Andrew W. Lax, for defendant-appellee W.T. Norwood, Inc.*

HUNTER, Judge.

George and Gail Shroyer ("plaintiffs") appeal an order granting summary judgment of their claim asserting breach of contract against defendants George Houston ("Houston") and Connell Mills Partnership ("CMP"). Plaintiffs also appeal an order granting summary judgment on their claims asserting a third-party beneficiary breach of contract and negligence against defendant W.T. Norwood, Inc. ("Norwood"). We affirm the trial court's orders.

CMP is a real estate developer managed by Houston. In 1990, CMP began development of a subdivision in which plaintiffs eventually built a home. In 1991, CMP requested that the Mecklenburg County Health Department ("the Department") perform a soil investigation on lots of the subdivision to determine the property's suitabil-

ity for installation of a ground absorption sewage disposal system. The results of the investigation revealed that portions of the subdivision property were unsuitable for installation of such a system. Nevertheless, the Department (1) recommended a reduction in the number of lots in the subdivision, resulting in CMP reducing the number of lots from fifty to forty-two, and (2) concluded that the lots would be suitable for homes if an innovative septic tank water treatment system ("septic system") was designed and installed.

In April of 1996, plaintiffs entered into a contract with CMP to purchase Lot 26 in the subdivision. The contract was "[s]ubject to land passing a percolation test in relation to [plaintiffs'] desired house location on lot" to determine whether it was suitable for operation of a residential septic system. The Department performed the test, and Lot 26 passed. Plaintiffs closed on the property on 9 May 1996.

After plaintiffs purchased Lot 26, the general contractor for the home, Helmsman Construction, Inc., subcontracted with Norwood to design and install their septic system. However, in September of 1996, less than a month after moving into their new home, plaintiffs' septic system failed. Plaintiffs continued to encounter problems despite having numerous repairs made to the septic system. Ultimately, the Department conducted a new soil test and found that unsuitable soil caused the septic tank's constant failure. Plaintiffs were issued two wastewater violation notices by the Department (on 20 June 1997 and 3 July 1998) for having an inoperable septic system that was in violation of state law.

Plaintiffs filed a complaint against defendants on 3 September 1998. In their complaint, plaintiffs asserted a negligence claim and a third-party beneficiary breach of contract claim against Norwood for faulty design and installation of the septic system. Plaintiffs also asserted a breach of contract claim against CMP and Houston for breaching express and implied warranties regarding the suitability of Lot 26 for operation of a septic system. Plaintiffs asserted claims against other defendants, but those claims are not at issue in this appeal.

CMP and Houston moved for summary judgment in their answer filed on 17 November 1998. Prior to this motion being heard, the affidavit of plaintiff Gail Shroyer was filed in which she stated that plaintiffs would have never purchased Lot 26 had they been informed prior

to the purchase about the 1991 soil investigation performed by the Department. On 5 January 1999, the summary judgment motion was heard and granted in favor of CMP and Houston in an order filed 26 May 1999.

With respect to Norwood, it also filed an answer in November of 1998. The case against it and the other defendants proceeded into the discovery phase with the action being calendared for trial during the last week of February 2000. Norwood filed a summary judgment motion on 11 February 2000 requesting the dismissal of all plaintiffs' claims against it. Plaintiffs' counsel prepared and filed a pre-trial memorandum for the court. The memorandum stated that plaintiffs were going forward with their third-party beneficiary breach of contract claim against Norwood, but not proceeding to trial on their negligence claim against it. The court subsequently heard and granted Norwood's motion for summary judgment in an order filed 23 May 2000. Plaintiffs then filed a motion to alter or amend the judgment in favor of Norwood arguing it was overbroad and should not have resulted in the dismissal of their negligence claim. Plaintiffs' motion was denied in an order entered 14 August 2000.

As the case continued towards trial, plaintiffs settled their claims against the other defendants. A voluntary dismissal without prejudice was entered regarding the claims against those defendants on 27 September 2001. Thereafter, plaintiffs timely filed notice of appeal with respect to the court's summary judgment orders in favor of Norwood, CMP, and Houston.

## I. Standard of Review

The assignments of error plaintiffs bring forth against Norwood, CMP, and Houston all involve whether the court erred in granting summary judgment in defendants' favor. On an appeal from a grant of summary judgment, this Court reviews the trial court's decision *de novo*. *Falk Integrated Tech., Inc. v. Stack*, 132 N.C. App. 807, 809, 513 S.E.2d 572, 574 (1999). Thus, when viewing the evidence in the light most favorable to the non-movant, we must determine whether the trial court properly concluded that the moving party showed, through pleadings and affidavits, that there was no genuine issue of material fact and that the moving party was entitled to judgment as a matter of law. *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998).

## II. Norwood

[1] By their first assignment of error plaintiffs argue, in part, that they should be allowed to bring a third-party beneficiary breach of contract claim against Norwood, a subcontractor, for failing to properly design and install their septic system. We disagree.

North Carolina case law clearly holds that a landowner is not a third-party beneficiary to a subcontract between the builder and one of the builder's subcontractors. *See Vogel v. Supply Co. and Supply Co. v. Developers, Inc.*, 277 N.C. 119, 177 S.E.2d 273 (1970). Specifically, our Supreme Court has held that the landowner is a mere incidental beneficiary of the construction contract between the builder and subcontractor and cannot maintain an action against the subcontractor for its breach. *Id.* at 126, 177 S.E.2d at 277. Here, plaintiffs admit that no contract or direct privity existed between them and Norwood. Plaintiffs only support the validity of their claim by citing to several North Carolina cases where the courts held that privity of contract is not required for a tenant/landowner to maintain a *negligence* claim against a subcontractor. *See Prince v. Wright*, 141 N.C. App. 262, 541 S.E.2d 191 (2000); *Olympic Products Co. v. Roof Systems, Inc.*, 88 N.C. App. 315, 363 S.E.2d 367 (1988). Since this is not a negligence claim, precedent requires the dismissal of plaintiffs' third party beneficiary claim.

[2] Plaintiffs also argue the court erred in dismissing their negligence claim against Norwood based on statements in their pre-trial memorandum that were never memorialized in a formal pre-trial order. They contend the court should not have relied on the statements to dismiss that claim because (1) plaintiffs never filed a motion to voluntarily dismiss their negligence claim, (2) the memorandum was not signed by Norwood's attorney or the presiding judge, and (3) a pretrial order reciting plaintiffs' statements was never entered as controlling in this case. *See* N.C. Gen. Stat. § 1A-1, Rules 16 and 41 (2001). We conclude plaintiffs' arguments are irrelevant because they expressly abandoned their negligence claim against Norwood.

In their memorandum, plaintiffs stated as follows: "Although Plaintiffs['] Complaint alleges causes of action against [Norwood] sounding in negligence and breach of contract, only the breach of contract claim[] will be tried in this case. *Plaintiffs have elected not to pursue the negligence claim[] against [Norwood].*" (Emphasis added.) This memorandum was signed by plaintiffs' attorney, served on defendants' attorneys, and filed with the court on 16 February

2000. By their actions, plaintiffs expressly abandoned their negligence claim and their right to do so did not require the signature of Norwood's attorney or the presiding judge to give it effect. *See generally* 1 C.J.S. *Abandonment* § 2 (2002). Moreover, as a document properly served and filed in this case, the trial court was entitled to consider the memorandum as a "matter outside the pleading" when it ruled on defendant Norwood's motion for summary judgment. *See* N.C. Gen. Stat. § 1A-1, Rules 12(b) and 56 (2001). Plaintiffs made no attempt to withdraw the memorandum from the court's consideration prior to or during the hearing on the motion. Plaintiffs made no attempt to "revive" their negligence claim against Norwood until after the court dismissed their breach of contract claim against him. Thus, the court did not err in granting summary judgment in favor of Norwood.

### III. CMP and Houston

**[3]** By their final assignment of error, plaintiffs argue the trial court erred in granting summary judgment on their breach of contract claim against CMP and Houston (1) prior to the completion of pre-trial discovery and (2) when there were genuine issues of material fact in dispute. We conclude the court did not err in either instance.

With respect to plaintiffs' first argument, it is ordinarily error when a court "hears and rules upon a motion for summary judgment while discovery is pending and the party seeking discovery has not been dilatory [or lazy] in doing so." *Gebb v. Gebb*, 67 N.C. App. 104, 108, 312 S.E.2d 691, 694 (1984). The trial court's action in the present case did not constitute error because there was no evidence that plaintiffs sought any discovery prior to defendants' motion for summary judgment. There was also no record of any objections by plaintiffs to the court proceeding with a hearing on defendants' motion. Finally, plaintiffs did not move for a continuance of the summary judgment hearing to allow additional time for pre-trial discovery to take place. *See* N.C. Gen. Stat. § 1A-1, Rule 56(f). Therefore, the court did not err in proceeding with the summary judgment hearing.

**[4]** With respect to plaintiffs' second argument regarding genuine issues of facts being in dispute, their complaint alleged that defendants are liable for breach of contract:

   a. By failing to provide the Plaintiffs with a Lot which was of merchantable quality and reasonably fit and suitable for the purpose for which it was intended; and

    b. By failing to provide the Plaintiffs with a Lot which would meet the necessary standards for installation of a septic tank system.

However, the evidence established that following the Department's 1991 investigation of the property, it concluded that Lot 26 was suitable for a residence if an innovative septic system was built. Additionally, prior to plaintiffs' purchase of the property, they entered into a contract with CMP that was contingent upon plaintiffs obtaining an adequate percolation test on Lot 26. Plaintiffs purchased the property after it passed this test. Plaintiffs did not allege that CMP or Houston tried to prevent or participated in their test of the property. Since plaintiffs conducted their own test and were satisfied with the results, defendants had no duty to disclose the 1991 investigation, especially considering (1) both the test and investigation were performed by the Department, and (2) neither concluded the property was completely unsuitable for a home. Thus, there was no evidence that a house could not be built on Lot 26; at most, the evidence indicated that the house plaintiffs built had septic demands greater than those for which their septic system could accommodate. Accordingly, there were no genuine issues of material fact in dispute as to whether defendants CMP and Houston breached warranties regarding the suitability of Lot 26.

    For the aforementioned reasons, we affirm the trial court's orders dismissing plaintiffs' claims against Norwood, Houston, and CMP.

    Affirmed.

    Judges WALKER and McGEE concur.