### GREEN *vs.* CADY and others.

Trustees *de facto* of a religious society, whether such society be incorporated or not, may maintain an action against a *trespasser* for an injury to the meeting house of the society.

ERROR from the Monroe common pleas. Cady and five other persons, describing themselves as " trustees of the first congregation society in Mendon," sued Green in a justice's court, and declared against him in *trespass* for entering their close, and removing, taking and carrying away the corner stone of their meeting-house, the contents, records, money, &c. The defendant pleaded the general issue, and gave notice that he would prove that no such coporation existed, and that the plaintiffs as such corporation had no right to sue. The plaintiffs had judgment, and the defendant appealed to the Monroe common pleas. On the trial in the common pleas, the plaintiffs produced a certificate of incorgoration of a religious society bearing date 5th January, 1816, setting forth the names of six persons elected as trustees, and the name or title of the. society, viz. the " First Mendon Congregational Society," which certificate was duly acknowledged and recorded. They further proved that the society had ever since been in existence, and produced the minutes of their proceedings, by which it appeared that the plaintiffs had been duly elected trustees. They then proved that the society had built a new meeting house, and that the defendant had taken out the corner stone thereof, in which had been deposited in a box, papers of some value, and carried the same away; for the doing of which, this suit was commenced against him in December, 1828; but they also proved the preliminary steps taken to the incorporation of the society, and from that testimony it appeared that notice of the time and place of the first election of trustees

had not been given in pursuance of the requirements of the statute in such cases. 2 *R. L.* 214. The defendant on that ground, and also for the variance in the name of the corporation as described in the suit, and set forth in the certificate of incorporation, moved that the plaintiffs be *nonsuited,* which motion was refused, and the plaintiffs had a verdict, on which judgment was entered. The defendant sued out a writ of error.

*J. Bellows,* for the plaintiff in error.

*M. F. Delano,* for defendants in error.

*By the Court,* NELSON, J. Without enquiring whether this religious society was duly incorporated or not, I am of opinion that the plaintiffs had sufficient possession of the meeting house to entitle them to maintain trespass against the defendant. Admitting that they were not legally trustees in pursuance of the provisions of the act regulating the incorporation of religious societies, 2 *R. L.* 212, they were trustees *de facto* and as such, had possession of the house according to the fourth section of that act; and that possession being under colour of right, was sufficient to entitle them to bring a suit against a *trespasser.* 9 *Johns. R.* 147.

Judgment affirmed, with double costs.