ATLANTIC, TENNESSEE and OHIO RAILROAD COMPANY *v.* WM. JOHNSTON and others,

In a suit to recover damages for certain trespasses brought by one Board of Directors of a corporation against another Board, claiming to be the legally appointed Directors of the same corporation:

*It was held*, first, that the Board *de facto* in possession of the franchises of the corporation may maintain an action for any trespass respecting the corporate property; and that the acts of such *de facto* officers cannot be collaterally impeached; the proper way of trying the right or title to the office being by an action in the nature of a *quo warranto; Held*, second, that the defendants could not justify such alleged trespasses under color of proceedings had by a Justice of the Peace under the provisions of the Rev. Code, chap. 49. (Forcible Entry and Detainer,) as the Justice in such case had no jurisdiction.

(*Perry* v. *Tupper*, at this term; *Tar River Navigation Company* v. *Neal*, 3 Hawks, 520; *Elizabeth City Academy*, v. *Lindsay*, 6 Ired, 476; *Commissioners of Trenton* v. *McDaniel*, 7 Jones 107: *Burke* v. *Elliott*, 4 Ired. 315; *Gilliam* v. *Riddick*, *Ib.* 368; *Day* v. *Adams*, 63 N. C. Rep. 254: *Newbern* v. *Jones*, 63 N. C. Rep. 606, cited and approved.)

CIVIL ACTION, by one Board of Directors against another Board, for the recovery of damages, tried before *Moore, J.,* at the July (Special) Term, 1873, of MECKLENBURG Superior Court.

The facts presented by the record, so far as they are pertinent to the points decided on this appeal, are clearly and sufficiently stated in the opinion of the Court.

From the judgment of the Court below, which is fully set out in the opinion, the defendants appealed.

*Vance, Guion, J. H. Wilson & Son, and Armfield*, for appellants.

*McCorkle & Bailey, Jones & Johnson, and R. H. Barringer*, contra.

RODMAN, J. The facts of this case appearing on the pleadings, so far as we consider them material for the present pur-

pose, may be briefly stated. The action is brought in the name of the Railroad Company, by certain persons claiming to be the President and Directors of the Company, (and whom, for brevity, I shall call, as they were called in the argument, the McDowell Directors,) to recover damages for certain trespasses alleged to have been committed by the defendants, (whom for the same reason, I will call the Johnston Directors.) in forcibly entering upon and seizing certain lands and other property of the Company, under color of proceedings of Forcible Entry and Detainer, (Rev. Code, chap. 49,) taken before a Justice of the Peace, who had no jurisdiction to take such proceedings. The plaintiffs also ask an injunction against the defendants, to restrain them from further like trespasses, and for restitution of the property unlawfully seized. The McDowell directors claim to be the officers of the Company, under an election held in 1873.

The defendants justified, 1st, under certain proceedings by a Justice of the Peace under the law in the Revised Code, chap. 49, concerning Forcible Entry and Detainer. Of this plea it will be sufficient to say here, that it was bad, because the Justice had no jurisdiction. See *Atlantic, Tennessee & Ohio Railroad Company* v. *Johnson*, also *Perry* v. *Tupper*, at this term.

2. That they, the defendants, were duly elected officers of the Company in — 1872, and entitled by the charter to hold over until their successors should be duly elected; that the election under color of which the McDowell directors claim, was not legally held and conducted, and their pretended election was a nullity; and that the defendants are rightfully the officers of the Company, and as such entitled to the possession of the corporate property. This is the plea that we have now to examine.

A corporation in its corporate name, can maintain any action respecting its corporate property that an individual can. The persons claiming to be the officers of the corporation, and being *de facto* in possession of the corporate franchises and property,

may use the corporate name and seal, in the prosecution of such actions. It is settled upon authority, that a defendant in such actions, cannot defend himself by denying the rightful existence of the corporation, if it have a *de facto* existence; or by impeaching the title of the *de facto* officers by showing some irregularity in their election, if they have a colorable right. The only way in which the *right* to an office can be tried, is by an action of *quo warranto*. *Tar River Navigation Company* v. *Neal*, 3 Hawks, 520, and see note of reporter citing *Turner* v. *Blaine*, 2 H. Bl. 559 ; *Elizabeth City Academy* v. *Lindsay*, 6 Ire., 476 ; *Commissioners of Trenton* v. *McDaniel*, 7 Jones 107. This last case was an action of trespass, in which the plaintiff, as a corporation, declared against defendant for rescuing a hog which had been impounded by the town sergeant under a by-law of the town. The defence was, that there were no Commissioners of Trenton, the election under which the plaintiffs claimed, having been irregular and null. The Court say, that if the election was irregular, it cannot be treated as a nullity, but was color of title, "and the law will not allow their authority (that of the officers) to be impeached in a collateral way," because to do so would tend to produce disorder and collision, and encourage every one to attempt the redress of his supposed wrongs by force.

See also, Angel & Ames Corp., sec. 286, citing *Charitable Association* v. *Baldwin*, 1 Met., 359 : *Green* v. *Cady*, 9 Wend., 414 ; and *Rex* v. *Mayor of Colchester*, 3 T. R., 259. In this last case, it was held that when an office was full *de facto*, and another person disputes the validity of the election or appointment, his remedy is by *quo warranto*, and not by *mandamus*. And it would seem that any other action would be even less appropriate.

It is a familiar principle which seems to cover this case that the validity of the acts of *de facto* officers cannot be collaterally impeached. *Burke* v. *Elliott*, 4 Ired., 355 ; *Gilliam* v. *Riddick*, Id., 368.

All these cases differ from the present in this : Here the

defendants do not deny the existence of the corporation, but admit it, and claim themselves to be its rightful officers.  Every reason, however, for the decision in the cases cited, applies with equal force to the present case.  And there is a reason against the validity of the plea in the present case, which seems a sufficient one, although not alluded to in those cases, probably because not so clearly applicable as in this.

No precedent can be found for such a plea, and upon the elementary principles of pleading, it must be held bad.  It does not traverse any fact alleged in the complaint, or confess and avoid the facts alleged, and it does not set up any equitable defence.  In effect it is, that the persons who have brought the action in the name of the plaintiff, have done so without authority from him.  This may be true, and yet the plaintiff be entitled to recover.

The plea is no answer to anything in the action, but alleges something foreign to it, and not bearing on the plaintiffs' rights.  For it must be remembered, though it seems to have been occasionally forgotten in the argument of counsel, that this is an action *by the corporation* to recover damages, and not by one set of directors against the other.

A corporation, having no corporal existence, can only appear in Court by an attorney of the Court.  The Court will permit no person to represent it, without authority, any more than if it were an individual suitor.  But such want of authority in bringing or continuing an action, cannot be pleaded as a defence, as is here attempted.  The Court, on motion bringing the question of authority directly before it, will determine it upon evidence, as was done in the case of *Day* v. *Adams*, 63 N. C., 254, and also in *Newbern* v. *Jones*, 63 N. C., 606, where two attorneys each claimed to represent the city, each having in fact a power of attorney from rival boards of officers.  The Court decided in favor of the attorney having a power under the corporate seal, thus showing his appointment by the *de facto* officers, and dismissed the action.  The Court refused in that way to pass on the rights of the rival claimants.  To

have done so, would been to determine the rights summarily, without pleadings presenting the issues, and by a proceeding which would not have concluded the parties beyond the particular motion to dismiss.

The two pleas which we have considered being bad, the plaintiff is entitled to prosecute his action notwithstanding them. Our decision on these points, however, may be barren of profitable results to the McDowell directors. Evidently it does not touch the matters which the parties wish to controvert, which are the respective rights of the rival sets of officers. It is open to the defendants to try these rights by a *quo warranto ;* and if such action be brought and a proper case of probable right be made, there can be no doubt that a Court will enjoin the prosecution of the present action until the rights shall be determined.

*As to the injunction against further trespasses by the defendants :*

Under the circumstances, and a receiver being in possession, there is no probable cause for continuing it, and it is dissolved.

*As to the receivership :*

It sufficiently appears from the pleadings, that there exists a controversy between rival claimants to the corporate offices, by which the interests of the stockholders are endangered. We think it was a proper case for the appointment of a receiver, and the judgment of the Superior Court, in that respect, is affirmed.

The case is remanded to be proceeded in, in conformity to this opinion, which will be certified to the Superior Court. As the judgment below is modified, neither party will recover costs in this Court.

PER CURIAM. Judgment affirmed.