DEBORAH A. HENDERSON v. PROVIDENT LIFE AND ACCIDENT IN-
SURANCE COMPANY (OF CHATTANOOGA, TENNESSEE)

No. 8218DC731

(Filed 7 June 1983)

**1. Appeal and Error § 14— appeal timely perfected**

     Defendant's appeal was timely perfected where the jury returned a ver-
dict for plaintiff on 15 December 1981; defendant moved in open court for judg-
ment n.o.v. and, in the alternative, a new trial; on 18 December 1981 defendant
filed and delivered to the trial judge a written memorialization of the motion
for judgment n.o.v. and, in the alternative, a new trial; on 18 December 1981
after receipt of defendant's motion, the trial judge executed a judgment and
filed it; on 30 December 1981 defendant filed a notice of appeal fearing that
the trial judge's execution of judgment might be construed as a ruling on
defendant's motion; and where defendant's motion for judgment n.o.v. and, in
the alternative, a new trial was denied by order dated 24 February 1982, and
notice of appeal was filed 2 March 1982. App. Rule 3(c).

**2. Insurance § 16— coverage under group life insurance policy—summary judg-
ment properly denied**

     Where defendant's evidence tended to show that coverage of plaintiff's
dependent terminated on 3 December 1978 and plaintiff's evidence tended to
show that the policy was in force through 17 December 1978, a material issue
was before the court based on the pleadings, affidavits and exhibits concerning
the coverage of plaintiff's dependent between the time of 5 December and 11
December 1978, and the trial court properly overruled defendant's motion for
summary judgment.

**3. Insurance § 16— coverage under group life policy—issue of when coverage
ended**

     The trial court properly denied defendant's motions for directed verdict
and judgment n.o.v. where a group life insurance policy set general guidelines
within which coverage began and ended, but where it was necessary to go out-
side the policy for the exact dates, and where there was conflicting evidence
regarding such dates.

**4. Trial § 11.1— closing argument—matter outside record—not sufficiently preju-
dicial to require new trial**

     While it was clearly error for plaintiff's attorney to read a letter from
defendant to plaintiff's employer to the jury in his closing argument since the
letter was not in evidence, the argument was not sufficiently prejudicial to re-
quire a new trial.

APPEAL by defendant from *Cecil, Judge.* Judgment filed 18
December 1981 in District Court, GUILFORD County. Heard in the
Court of Appeals 13 May 1983.

Appeal by defendant insurance company from judgment
entered on a jury verdict in plaintiff's favor, citing as error the
trial court's denial of defendant's motions for summary judgment,
judgment n.o.v. and a new trial.

*Robert S. Cahoon for plaintiff-appellee.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, by L. P.
McLendon, Jr., Robert A. Singer, and S. Leigh Rodenbough, IV,
for defendant-appellant.*

HILL, Judge.

Plaintiff at all times pertinent to this case was an employee
of Cone Mills Corporation. She and her minor son were insured
under a group life, disability and hospitalization policy written by
defendant Provident Life and Accident Insurance Company. On or
about 1 December 1978, plaintiff signed (1) a form requesting that
her son be dropped from coverage, and (2) the "change of
coverage" portion of her enrollment card confirming the termina-
tion.

Prepayment of premiums under the group plan was made by
Cone Mills at the beginning of each "coverage month." Then,
through its payroll deduction plan, Cone Mills deducted from each
employee's salary the premium prepaid for the employee's in-
sured dependents.

Cone Mills deducted $11.14 from plaintiff's paycheck on 7 De-
cember 1978. Defendant contends this sum constituted reimburse-
ment for premiums it had previously paid defendant for coverage
of plaintiff's dependent son through December 3, 1978. Plaintiff
contends, however, the payment covered the period beginning 3
December and ending 17 December 1978.

Plaintiff's son contracted spinal meningitis on 5 December and died 11 December 1978. By her complaint, plaintiff sought under the insurance policy $4,113.50 for hospital and medical expenses and a $400.00 death benefit. Defendant contends plaintiff terminated coverage of her dependent son as of 3 December 1978, the termination date of the coverage month.

On 28 February 1981 and 10 July 1981, defendant filed motions for summary judgment which were denied. The matter came on for trial 14 December 1981 on the single issue whether the insurance policy was in effect on 5 December 1978 as to plaintiff's son, Maurice A. Henderson. The Court entered judgment on a jury verdict for plaintiff, from which defendant appeals.

[1] Plaintiff contends this appeal was not timely perfected and should therefore be dismissed. We disagree.

The jury returned a verdict for plaintiff on 15 December 1981. At that time, defendant moved in open court for judgment n.o.v. and, in the alternative, a new trial. The trial judge directed the court reporter to indicate that he reserved a ruling on defendant's motion. On Friday, 18 December 1981, counsel for defendant filed and delivered to the trial judge a written memorialization of the motion for judgment n.o.v. and, in the alternative, a new trial. On the same day, but after receipt of defendant's motion, the trial judge executed a judgment prepared by plaintiff's counsel and filed it in the office of the Clerk of Court. Counsel for defendant first became aware of the filing of the judgment on 30 December 1981. The trial judge could not be reached. Fearing that the trial judge's execution of judgment might be construed as a ruling on defendant's motion, defendant filed a notice of appeal on 30 December 1981 containing the following provision: "In giving this notice of appeal, the defendant in no way waives its right to decision of and entry of an order on its motion for judgment notwithstanding the verdict and, in the alternative, for a new trial filed on December 18, 1981."

Rule 3(c) of the Rules of Appellate Procedure provides:

. . . The running of the time for filing and serving a notice of appeal in a civil action or special proceeding is tolled as to all parties by a timely motion filed by any party pursuant to the Rules of Civil Procedure enumerated in this subdivision, and

the full time for appeal commences to run and is to be computed from the entry of an order upon any of the following motions: (i) a motion under Rule 50(b) for judgment n.o.v. whether or not with conditional grant or denial of a new trial; . . . (iv) a motion under Rule 59 for a new trial.

Defendant's motion for judgment n.o.v. and, in the alternative, a new trial was denied by order dated 24 February 1982, and notice of appeal was filed 2 March 1982. The record on appeal was filed with this Court 19 July 1982, well within the time allowed. Therefore, we find that this matter is properly before the Court.

By its first substantive assignment of error, defendant contends the trial court erred in denying its motions for summary judgment. We disagree.

[2] Defendant first moved for summary judgment on 23 February 1981. The motion was supported by the affidavit of David Moff to which were attached copies of the group insurance contract, the plaintiff's enrollment card, and the plaintiff's change of status card. Defendant's evidence tended to show that coverage of plaintiff's dependent terminated on 3 December 1978 and the deduction of $11.14 from plaintiff's paycheck on 7 December 1978 was a reimbursement of premiums paid by Cone Mills for coverage through 3 December 1978 only. Plaintiff's response tended to show that the payroll deduction kept the policy in force through 17 December 1978. Hence, a material issue was before the court based on the pleadings, affidavits and exhibits, and the trial judge properly overruled the motion.

On 10 July 1981, the defendant renewed its motion for summary judgment. Finding the existence of genuine issues of material fact, the trial judge again properly denied defendant's motion. It is axiomatic that the party moving for summary judgment has the burden of establishing the absence of any triable issue of fact. *See* G.S. 1A-1, Rule 56(e), *Hotel Corp. v. Taylor and Fletcher v. Foremans, Inc.*, 301 N.C. 200, 271 S.E. 2d 54 (1980). Defendant failed to do so, and therefore the trial judge correctly denied the motion for summary judgment.

[3] Defendant next contends the trial court erred in denying its motions for directed verdict and judgment n.o.v. In support of

this contention, defendant argues that since plaintiff's suit was on the policy as written, her rights should have been determined in accordance with its terms, and parol evidence was incompetent to vary the terms concerning the parties or risks covered. *Peirson v. Insurance Co.*, 248 N.C. 215, 102 S.E. 2d 800 (1958).

The policy, which was introduced into evidence by plaintiff, provided:

Termination of Insurance

The Employee's insurance under this policy with respect to all Dependents shall terminate as of the earliest date deter-mined in accordance with the following provisions:

*   *   *

(b) the date ending the period for which the last contribution is made if the Employee is required to contribute and fails to make any required contribution when due.

Under the policy, aggregated premiums for employees and their dependents were paid by Cone Mills to defendant at the beginning of each coverage month. During the coverage month, Cone Mills deducted from employee's paychecks reimbursement of the premiums paid for their insured dependents.

We conclude that the central issue here is the disputed period of insurance coverage. Plaintiff testified, without objection, that prior to 1 April 1977, defendant held plant meetings at which its representative explained to her that coverage of her dependent child would begin after payment of the first premium therefor was deducted from her paycheck; that coverage began in April 1977 and was maintained through bimonthly payroll deductions; that on 7 December 1978, plaintiff paid the required $11.14 premium to maintain coverage of her son at least through 17 December 1978.

Defendant offered evidence through its personnel director that when plaintiff signed the change of status and enrollment cards, coverage of her son terminated at the end of the pay period in which the change was made; that her 7 December 1978 paycheck covered the period ending December 3.

Thus, a question of fact regarding the period of coverage was raised. The policy set general guidelines within which coverage

began and ended; it was necessary to go outside the policy for the exact dates. There was conflicting evidence regarding such dates, and therefore the issue was properly submitted to the jury.

For these reasons, we hold the trial judge properly denied defendant's motions for directed verdict and judgment n.o.v.

[4] Finally, defendant contends the trial judge erred in denying its motion for a new trial because the attorney for plaintiff made an improper jury argument. We disagree.

During his closing argument to the jury, plaintiff's attorney read a letter from defendant to Cone Mills Corporation which stated an employee's coverage under the group policy could be continued for two months when it would otherwise be terminated if the employee was transferred to a salaried position. The trial judge was not in the courtroom. The letter was not in evidence. Counsel for plaintiff argued that while the provision was not "directly relevant," it logically related to this case; i.e., it showed coverage could be extended beyond a termination point.

When the judge returned, attorney for defendant moved for a mistrial or, in the alternative, a jury instruction to disregard the argument of plaintiff's counsel. The trial judge initially withheld ruling on the request and subsequently denied the motion.

While attorneys have a wide latitude in arguing to the jury, use of this letter, which was not in evidence, was clearly error. Nevertheless, though improper, the argument was not sufficiently prejudicial to require a new trial.

The grant or denial of a motion for a new trial is addressed to the sound discretion of the trial judge whose ruling in the absence of an abuse of discretion is not reviewable on appeal. *Currence v. Hardin*, 36 N.C. App. 130, 243 S.E. 2d 172, *aff'd*, 296 N.C. 95, 249 S.E. 2d 387 (1978). We conclude the trial judge committed no prejudicial error.

Affirmed.

Judges JOHNSON and PHILLIPS concur.