TERESA SMITH GILREATH, Plaintiff v. NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant

No. COA05-940

(Filed 16 May 2006)

1. **Appeal and Error— preservation of issues—no ruling on motion below**

    Plaintiff's failure to obtain a ruling on her motion to strike portions of affidavits resulted in the dismissal of her assignment of error on that point.

2. **Evidence— affidavits not based on personal knowledge— fax cover sheet not a business record**

    The trial court erred by granting summary judgment for defendant in a declaratory judgment action concerning defendant's efforts to recover alleged on-call overpayments. The only evidence establishing the pay rate was from affidavits which could not have been based on personal knowledge, and a fax cover sheet which purports to summarize missing memos. There is nothing to establish that the facsimile cover page is a record of regularly conducted activity which would fall under the business records exception.

    Judge HUNTER concurring in part and dissenting in part.

Appeal by plaintiff from an order entered 3 June 2005 by Judge W. Russell Duke, Jr. in Granville County Superior Court. Heard in the Court of Appeals 22 February 2006.

*Schiller & Schiller, PLLC, by David G. Schiller and Kathryn H. Schiller, for plaintiff-appellant.*

*Attorney General Roy Cooper, by Assistant Attorney General Angel E. Gray, for defendant-appellee.*

BRYANT, Judge.

Teresa Smith Gilreath (plaintiff) appeals from an order entered 3 June 2005 granting summary judgment in favor of the North Carolina Department of Health and Human Services (defendant) and dismissing plaintiff's Complaint. The trial court found plaintiff was overpaid for her work for defendant and ordered plaintiff to repay $12,359.53 to the State of North Carolina. For the reasons below, we reverse the order of the trial court and remand for further proceedings.

### Facts

Plaintiff is employed by defendant as an Advocate II, working at the Whitaker School located on the campus of John Umstead Hospital. Whitaker School is a separate entity from John Umstead Hospital and each facility has its own director. Beginning on or about 21 March 2001, plaintiff began receiving $2.00 per hour for on-call time she worked in her position at the Whitaker School. In August 2003, plaintiff was informed that there was a question as to whether or not she was being overpaid for her on-call time. On 25 June 2004, plaintiff received a letter from the Human Resources Director for John Umstead Hospital informing her that defendant had made a salary overpayment to her due to a miscalculation in her on-call pay rate and that she was required to repay the overpayment.

### Procedural History

On 6 August 2004, plaintiff filed a complaint in this matter, seeking, *inter alia*, a declaratory judgment that she is the exclusive owner of the funds defendant seeks to recover from her. Defendant answered on 27 August 2004 and filed a motion for summary judgment on 28 April 2005. Defendant's motion for summary judgment was heard on 9 May 2005 in Granville County Superior Court, before the Honorable W. Russell Duke, Jr. On the same day as the hearing on defendant's motion, plaintiff filed a cross-motion for summary judgment and a motion to strike certain paragraphs from various affidavits filed by defendant in support of its motion for summary judgment. On 3 June 2005, the trial court entered an order granting defendant's motion for summary judgment and dismissing plaintiff's

complaint. The trial court found plaintiff was overpaid for her work for defendant and ordered plaintiff to repay $12,359.53 to the State of North Carolina. The trial court's order does not explicitly address either of plaintiff's motions. Plaintiff appeals.

Plaintiff raises two issues on appeal: (I) whether the trial court erred in failing to grant plaintiff's motion to strike; and (II) whether the trial court erred in granting defendant's, and denying plaintiff's, motion for summary judgment.

*I*

[1] Plaintiff first claims the trial court erred in failing to grant her motion to strike several paragraphs from affidavits submitted in support of defendant's motion for summary judgment. Plaintiff filed her motion to strike portions of the affidavits on the grounds that the affidavits failed to comply with the requirements of Rule 56 of the North Carolina Rules of Civil Procedure. However, the trial court's order granting defendant's motion for summary judgment does not address plaintiff's motion to strike and there is no indication in the record before this Court that the trial court otherwise ruled on plaintiff's motion to strike. Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure provides that in order to preserve a question for appellate review, it is "necessary for the complaining party to obtain a ruling upon the party's request, objection or motion." N.C. R. App. P. 10(b)(1); *see also Finley Forest Condo. Ass'n v. Perry*, 163 N.C. App. 735, 738, 594 S.E.2d 227, 230 (2004) (holding the Court was unable to review an issue concerning the trial court's admission and consideration of affidavits since there was nothing in the record indicating the trial court's ruling on the plaintiff's objection and motion to strike). Because plaintiff failed to obtain a ruling on her motion to strike, this assignment of error is overruled.

*II*

[2] Plaintiff next argues the trial court erred in granting defendants' motion for summary judgment and in denying her own motion for summary judgment. Under Rule 56(c) of the North Carolina Rules of Civil Procedure, summary judgment shall be granted only if the trial court finds "there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). "[I]n ruling on a motion for summary judgment the court does not resolve issues of fact and must deny the motion if there is any issue of genuine material fact." *Singleton v.*

*Stewart*, 280 N.C. 460, 464, 186 S.E.2d 400, 403 (1972) (citations omitted). "[T]he court may consider the pleadings, depositions, admissions, affidavits, answers to interrogatories, oral testimony and documentary materials[.]" *Dendy v. Watkins*, 288 N.C. 447, 452, 219 S.E.2d 214, 217 (1975). "All such evidence must be considered in a light most favorable to the non-moving party." *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004).

"On appeal, this Court has the task of determining whether, on the basis of the materials presented to the trial court, there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law." *Eckard v. Smith*, 166 N.C. App. 312, 318, 603 S.E.2d 134, 138 (2004) (citing *Oliver v. Roberts*, 49 N.C. App. 311, 314, 271 S.E.2d 399, 401 (1980)), *aff'd per curiam*, 360 N.C. 51, 619 S.E.2d 503 (2005). We review the trial court's grant of summary judgment *de novo*. *Shroyer v. County of Mecklenburg*, 154 N.C. App. 163, 167, 571 S.E.2d 849, 851 (2002).

The dispositive issue in this matter is whether there is evidence to support the trial court's determination no genuine issue of material fact exists concerning the rate at which plaintiff should have been paid for her on-call time. The trial court found as fact that plaintiff was employed as an Advocate II at the Whitaker School and that "Whitaker School established an on-call pay rate of $0.94 per hour for its eligible employees, including the Plaintiff." Based on this finding, the trial court held that plaintiff had been mistakenly compensated at a rate of $2.00 per hour for her on-call time, resulting in a net overpayment by defendant of $12,359.53. However, the only evidence as to the on-call pay rate for employees of the Whitaker School is found in the affidavits of Debbie Johnson, Michael Sinno, and Anna Bass, each of whom asserts that the Whitaker School had established an on-call pay rate of $0.94 per hour for plaintiff.

On-call pay for plaintiff and other eligible employees at the Whitaker School and John Umstead Hospital was provided under a pilot program initiated by defendant effective 1 December 2000. The authority to establish the on-call pay rate was vested under the pilot program with the individual divisions within the Department of Health and Human Services. For the Whitaker School it is apparent from the record that this authority was vested with the Whitaker School Management Team. There is no evidence that Johnson, Sinno, or Bass are members of the Whitaker School Management Team or were otherwise involved in the establishment of the on-call pay rate

for the Whitaker School. Therefore, any knowledge they have of the on-call pay rate can only be through a statement made by another, namely the Whitaker School Management Team. Each of the statements made by Johnson, Sinno and Bass establishing plaintiff's on-call pay rate in their affidavits, and in the exhibits submitted in support of their affidavits, are hearsay and are inadmissible to prove the on-call pay rate for employees at the Whitaker School. These statements should not have been considered by the trial court in ruling on defendant's motion for summary judgment.

Affidavits supporting or opposing a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." N.C. Gen. Stat. § 1A-1, Rule 56(e) (2005). "Hearsay matters included in affidavits should not be considered by a trial court in entertaining a party's motion for summary judgment." *Moore v. Coachmen Indus. Inc.*, 129 N.C. App. 389, 394, 499 S.E.2d 772, 776 (1998). Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. Gen. Stat. § 8C-1, Rule 801(c) (2005).

Defendant does not address any hearsay concerns in its brief, but rather asserts that Johnson, Sinno and Bass had first-hand personal knowledge of plaintiff's on-call pay rate which is not hearsay. The dissent, however, creates an argument for defendant that Johnson, Sinno and Bass' personal knowledge of plaintiff's on-call pay rate was gathered from business records which fall under the "business records exception" to the hearsay rule.[1] We agree with the dissent that "[k]nowledge obtained from the review of records, qualified un-

---

1. Rule 803(6) of the North Carolina Rules of Evidence provides the following exception to the hearsay rule:

> Records of Regularly Conducted Activity.—A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

N.C. Gen. Stat. § 8C-1, Rule 803(6) (2005); *see also State v. Wilson*, 313 N.C. 516, 533, 330 S.E.2d 450, 462 (1985) ("Business records made in the ordinary course of business at or near the time of the transaction involved are admissible as an exception to the hearsay rule if they are authenticated by a witness who is familiar with them and the system under which they are made.").

der Rule 803(6), constitutes 'personal knowledge' within the meaning of Rule 56(e)." *Hylton v. Koontz*, 138 N.C. App. 629, 635, 532 S.E.2d 252, 256 (2000). However, "[i]f . . . the affiant obtained information from a written record and the record did not comply with requirements of the business records exception to the hearsay rule, this information would . . . not be based on the affiant's personal knowledge." *Id.* at 635 n.3, 532 S.E.2d at 257 n.3 (citations omitted).

The dissent cites to *Moore v. Coachmen Indus. Inc.*, 129 N.C. App. 389, 499 S.E.2d 772 (1998), in support of its contention that the affidavits in the instant case provide for the establishment of plaintiff's on-call pay rate as acquired through business records. However, in *Moore* the affiant specifically addressed the foundational requirements of establishing a document under the business records exception. The affiant in *Moore* stated:

I am the Senior Corporate Attorney of [defendant Coachmen]. Prior to [defendant Sportscoach's] corporate dissolution in 1995, I held the same position with both [defendants] Sportscoach and Coachmen. I have custody and access to the business records of [defendant] Sportscoach relating to [plaintiffs'] vehicle[,] which is the subject of the instant action . . . .

I am familiar with the system by which . . . Sportscoach records were generated. The entries in these records were made in the regular course of [defendant] Sportscoach's business[,] at or near the time of the events recorded[, and] based upon the personal knowledge of the person making them, or upon information transmitted by the person with knowledge.

. . .

It was the regular business practice of [defendant] Sportscoach to require the dealer to deliver and have signed the Warranty Registration and pre-delivery and acceptance declaration, and to deliver the Owners Manual and the New Recreational Vehicle Limited Warranty and other information about the Sportscoach warranty before or contemporaneously with the delivery and sale of the vehicle to the dealer's customer. That this practice was followed with respect to the sale of the vehicle to the plaintiffs is confirmed by plaintiff Luther Deleon Moore's signature, certifying that all warranties were clearly explained to him.

*Id.* at 395, 499 S.E.2d at 776. In the instant case, none of the affidavits address the foundational requirements for the admission of evidence

which would establish plaintiff's on-call pay rate through a "business record," and thus do not present personal knowledge setting forth facts admissible in evidence.

It is uncontested that Johnson is the Director of Human Resources for John Umstead Hospital, and that office provides human resources functions to plaintiff's employer, the Whitaker School. While her affidavit states the facts within are based on her personal knowledge, Johnson also states the following:

10. Effective December 1, 2000, DHHS received approval from the Office of State Personnel to participate in an On-Call Pilot Program. The Pilot Program provided that certain classes and/or specific positions were approved for on-call consideration. Advocate II positions were included in the list of positions approved for on-call pay if the employing entities chose to participate in the program. Pursuant to the pilot program, eligible employees may be compensated at a rate ranging from $0.94 per hour up to $2.00 per hour. *The decision about the applicable rate of on-call pay was determined by each individual division within DHHS.*

11. Pursuant to this pilot program, John Umstead Hospital established an on-call pay rate of $2.00 per hour for its eligible employees. Whitaker School established an on-call pay rate of $0.94 per hour for its eligible employees, including Ms. Gilreath.

12. I informed the Payroll Office of Whitaker School's decision to establish a $0.94 per hour on-call rate via facsimile on January 3 1, 2001. The document attached as Exhibit 7 is a fair and accurate copy of the facsimile I transmitted to Payroll on January 31, 2001 and bears my initials at the bottom.

(Emphasis added). The facsimile attached as Exhibit 7 to Johnson's affidavit is merely the cover page of a seven-page set of documents. According to the handwritten note on the cover page, "All these memos were sent to Payroll and Timekeeping to inform you of the rate changes. It is official @ JUH that Physicians make $5.00/hr and others are in the 1/8/01 memo. Whitaker and Town are still .94¢/hr. DSJ." None of the supporting memos mentioned in the fax cover sheet are included in the record before this Court and it appears none were submitted to the trial court for its review of this matter.

There is nothing in Johnson's affidavit to establish the foundation that the facsimile cover page is a record of regularly conducted activ-

ity which would fall under the business records exception to the hearsay rule, as required by Rule 803(6). At best, Johnson's affidavit could be interpreted to find that the missing memos following the facsimile cover page would so qualify, but those documents are not attached in support of the affidavit. Instead, Johnson relies on a handwritten note on a cover page that purports to summarize the contents of the missing memos. Thus, Johnson's written note on the facsimile cover page is hearsay and as that is the only support for Johnson's personal knowledge of the on-call rate for employee's at the Whitaker School, the cover page and her statements as to the on-call rate contained in her affidavit cannot be considered by the court when ruling on defendant's motion for summary judgment.

No other competent evidence exists in the record to support a finding that plaintiff's proper on-call pay rate was $0.94/hour and plaintiff offers no uncontested evidence, other than the fact of her actual payments, to establish her proper on-call pay rate. Therefore, a genuine issue of material fact exists as to the on-call pay rate to which plaintiff was entitled and, considering the facts on record, the trial court erred in granting defendant's motion for summary judgment. Further, as a genuine issue of material fact exists in this matter, the trial court did not err in not granting plaintiff's motion for summary judgment.

Reversed and remanded for further proceedings.

Judge HUDSON concurs.

Judge HUNTER concurs in part and dissents in part in a separate opinion.

HUNTER, Judge, concurring in part and dissenting in part.

Although I concur with the majority opinion that plaintiff failed to preserve her assignment of error as to the motion to strike, I respectfully dissent from the majority's holding that defendant's affidavits should have been excluded as hearsay.

As noted by the majority, the dispositive issue in this matter is whether an issue of material fact exists concerning the rate at which plaintiff should have been paid for her on-call time. The trial court found as fact that the pay rate for on-call employees of the Whitaker School, which included plaintiff, was set at $0.94 per hour. The find-

ing is based on the affidavit of Debbie Johnson ("Johnson"), the Director of Human Resources at John Umstead Hospital, and an exhibit attached to her affidavit.

The majority finds that the affidavit of Johnson, as well as those of two other affiants who stated that the pay rate for Whitaker was $0.94, do not appear to be based on personal knowledge, as they are not members of the Whitaker School Management Team and were not involved in the establishment of the pay rate. The majority thus concludes that such statements must be hearsay and therefore should not be considered by the trial court in a motion for summary judgment.

The North Carolina Rules of Civil Procedure state that affidavits in support of a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." N.C. Gen. Stat. § 1A-1, Rule 56(e) (2005). This Court has held that when a Rule 56 affidavit does not specifically state that it is based on "personal knowledge," it may still be sufficient if its content and context show its material parts are founded on the affiant's personal knowledge. *Hylton v. Koontz*, 138 N.C. App. 629, 634, 532 S.E.2d 252, 256 (2000). We note that in the instant case it is unnecessary to consider the context and content in an attempt to determine if Johnson had personal knowledge. Unlike in *Hylton*, Johnson specifically averred personal knowledge of the contents of her affidavit.

Despite Johnson's averment of personal knowledge, however, the majority's analysis assumes that as Johnson did not herself set the rate, her knowledge of that information was not personal and must be hearsay. In *Moore v. Coachmen Industries, Inc.*, 129 N.C. App. 389, 499 S.E.2d 772 (1998), this Court held that "[t]he fact that an affiant's knowledge was gathered from business records or communications is not fatal to the Rule 56(e) requirement that an affidavit be based on the personal knowledge of the affiant." *Id.* at 394, 499 S.E.2d at 776. In *Moore*, the challenged affidavit was from a senior corporate attorney employed by the defendant who made statements regarding the business practices of the defendant with regards to warranties. The affiant in *Moore* stated that the vehicle sold to the plaintiff by a third-party dealer was covered by no warranty from the defendant other than the new vehicle limited warranty. Although the affiant had not personally handled the sale of the vehicle, since "[b]oth of the affidavits were made upon [the senior corporate attorney's] personal

knowledge, acquired through review of his employer's business records[,]" *Moore* found the affidavits to be competent evidence. *Moore,* 129 N.C. App. at 396, 499 S.E.2d at 777.

Here, similarly, Johnson averred that she was the Director of Human Resources for John Umstead Hospital and had previously been the Assistant Director of Human Resources. Johnson stated that the Umstead Human Resources office also provided human resources functions for the Whitaker School, including distribution of pay stubs to employees. Johnson stated that on 31 January 2001, she "informed the Payroll Office of Whitaker School's decision to establish a $0.94 per hour on-call rate via facsimile[.]" A copy of the facsimile, dated "1-31-01" was attached to Johnson's affidavit as Exhibit 7, and stated "[i]t is official . . . Whitaker & Town are still .94¢/hr[,]" followed by Johnson's initials. An additional exhibit, a memorandum to Institution Human Resources Managers from the Department of Health and Human Services, dated 22 May 2000, directs the human resource managers to determine eligibility for on-call pay and report the information to the Department. Here, in addition to Johnson's clear averment that the pay rate for Whitaker was within her personal knowledge, it is apparent that Johnson's review and reporting of business records for Whitaker provides an appropriate basis for her personal knowledge of that information. *See Moore,* 129 N.C. App. at 396, 499 S.E.2d at 777.

Moreover, Rule 56(e) states that:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

N.C. Gen. Stat. § 1A-1, Rule 56(e); *see also Brown v. City of Winston-Salem,* 171 N.C. App. 266, 275, 614 S.E.2d 599, 604-05 (2005) (holding summary judgment was properly granted when the plaintiff failed to file affidavits contradicting factual matters established by the defendant's affidavits).

I note that here, plaintiff, in her own motion for summary judgment, does not contest that the correct pay rate for Whitaker school was established at $0.94 per hour. Rather, plaintiff's own affidavit

states only that she was told that she would be paid "between $0.94 and $2.00/hour for my on-call time[,]" but does not aver that she was told she would be paid at the higher $2.00 per hour rate. Further, the letter included by plaintiff in support of her motion to dismiss from Ray Newman ("Newman"), the Director of the Whitaker School, also indicates that the pay rate was not, in fact, $2.00. The letter was dated 4 September 2003, more than two years after plaintiff began being paid for on-call time. Newman implied that the School Management team, after learning of the overpayment to plaintiff, had determined that in the future all clinical on-call staff at Whitaker should be paid the same $2.00 rate as the Umstead staff. Newman also acknowledged that he had also been overpaid for his on-call hours. Newman's letter indicates an acknowledgment by the Whitaker School that the initial pay rate established for on-call employees was not $2.00 an hour. Plaintiff fails to assert any factual basis for her claim that $0.94 was not the correct rate of pay for on-call Whitaker employees.

As the evidence in support of defendant's motion for summary judgment is competent, and as no material issue of fact exists as to the correct rate of on-call pay for plaintiff's position at the Whitaker school, the trial court's grant of summary judgment should be affirmed. *See Brown*, 171 N.C. App. at 275, 614 S.E.2d at 604-05.