**HAVELOCK YACHT CLUB, INC. v. CRYSTAL LAKE YACHT CLUB, INC.**

[215 N.C. App. 153 (2011)]

light of this overwhelming evidence, any error in the admission of the challenged evidence is harmless. N.C. Gen. Stat. § 15A-1443 (a) and (b) (2009).

No error.

Judges STROUD and Robert N. HUNTER, Jr. concur.

———————————

HAVELOCK YACHT CLUB, INC., Plaintiff v. CRYSTAL LAKE
YACHT CLUB, INC., Defendant

No. COA10-1481

(Filed 16 August 2011)

**Landlord and Tenant—summary ejectment—termination of lease—acts of de facto officers—summary judgment**

The trial court did not err in a summary ejectment case by granting summary judgment in favor of plaintiff. Since the validity of the acts of *de facto* officers cannot be collaterally impeached, defendant's affidavits failed to create a genuine issue of material fact regarding the validity of plaintiff's termination of the lease.

Judge THIGPEN dissenting.

Appeal by defendant from order entered 19 August 2010 by Judge Paul M. Quinn in Craven County District Court. Heard in the Court of Appeals 28 April 2011.

*Stubbs & Perdue, P.A., by John W. King, Jr., for plaintiff-appellee.*

*McAfee Law, P.A., by Robert J. McAfee, for defendant-appellant.*

CALABRIA, Judge.

Crystal Lake Yacht Club, Inc. ("defendant") appeals the trial court's order granting summary judgment in favor of Havelock Yacht Club, Inc. ("plaintiff"), in plaintiff's summary ejectment appeal. We affirm.

On 1 April 1983, plaintiff leased property in Havelock, North Carolina, to defendant ("the lease"). The lease was for a term of five

years, with the option to renew the lease for an additional five years. The lease was executed on plaintiff's behalf by its president, J.R. Shelton ("Shelton"), and on defendant's behalf by Commodore Gene Ruder. The parties ultimately agreed to renew the lease for three additional five-year terms, with the final renewal term expiring in 2003. Upon the expiration of the final renewal term, the lease converted to a month-to-month tenancy.

On 28 September 2009, plaintiff's attorney notified defendant in writing that plaintiff was terminating the lease, effective 31 December 2009. Defendant's attorney negotiated an extension of that deadline until 1 March 2010. Nevertheless, defendant failed to vacate the property after that date. As a result, plaintiff filed a summary ejectment action in small claims court on 9 April 2010. On 13 May 2010, the magistrate ordered that defendant "be removed from and the plaintiff be put in possession of the premises . . . ."

Defendant filed a notice of appeal to the Craven County District Court. On 26 May 2010, plaintiff filed a motion for summary judgment. In support of its motion, plaintiff filed two affidavits. The first affidavit was from Frances Diffee ("Diffee"), who averred that she was plaintiff's president and was authorized by its membership to terminate the lease. In the second affidavit, an employee of First Citizens Bank averred that Diffee was listed as an officer of plaintiff according to bank records and had signing authority over plaintiff's account.

On 2 July 2010, defendant filed an answer and an affidavit from Bryan Scoggins ("Scoggins"). Scoggins averred that he was attorney-in-fact for his mother, Bonn Lynn Scoggins, who had inherited an interest in plaintiff through her husband. Scoggins further averred that his mother knew of no election of directors or appointment of officers by plaintiff, and that she desired to extend the lease between plaintiff and defendant. On 6 August 2010, defendant filed a similar affidavit from Harold Frank Craig ("Craig"), who averred that he had acquired an interest in plaintiff through his parents, that to his knowledge there was no election of directors or appointment of officers by plaintiff, and that he wished to continue the lease between plaintiff and defendant.

Plaintiff's motion for summary judgment was heard on 10 August 2010. The trial court granted summary judgment in favor of plaintiff on 19 August 2010. Defendant appeals.

Defendant's sole argument on appeal is that the trial court erred in granting summary judgment to plaintiff. Specifically, defendant

contends that the affidavits from Scoggins and Craig created a genuine issue of material fact as to whether Diffee had the authority to terminate the lease with defendant. We disagree.

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " *Craig v. New Hanover Cty. Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 353 (2009) (quoting N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007)). "A trial court's grant of summary judgment receives *de novo* review on appeal, and evidence is viewed in the light most favorable to the non-moving party." *Sturgill v. Ashe Mem'l Hosp., Inc.*, 186 N.C. App. 624, 626, 652 S.E.2d 302, 304 (2007).

> Any tenant or lessee of any house or land, and the assigns under the tenant or legal representatives of such tenant or lessee, who holds over and continues in the possession of the demised premises, or any part thereof, without the permission of the landlord, and after demand made for its surrender, may be removed from such premises in the manner hereinafter prescribed in any of the following cases:
>
> (1) When a tenant in possession of real estate holds over after his term has expired.

N.C. Gen. Stat. § 42-26(a) (2009). A month-to-month tenancy may be terminated by a notice to quit given seven days or more before the end of the current month of the tenancy. N.C. Gen. Stat. § 42-14 (2009). In the instant case, defendant does not dispute receiving timely notice from plaintiff's attorney regarding the termination of defendant's lease or that defendant held over after the lease was terminated.

Nevertheless, defendant argues in its brief that "due to a lack of by-laws governing membership and property rights of the plaintiff corporation, and the questions raised by the two affidavits it filed by persons claiming to be members of the plaintiff corporation, the trial court erred" by granting summary judgment to plaintiff. Defendant further contends that summary judgment was inappropriate because plaintiff failed to provide the trial court with a copy of its by-laws or the minutes of an organizational meeting that would have supported Diffee's claim that she had the authority to terminate the lease.

Defendant's arguments are misplaced. Diffee's actual authority to act was immaterial to the validity of the termination of the lease.

"North Carolina recognizes that one may be a *de facto* officer or director of a corporation." *Lowder v. All Star Mills, Inc.*, 75 N.C. App. 233, 241, 330 S.E.2d 649, 654 (1985).[1]

To constitute one a de facto officer or director, one must:

- hold office under some degree of notoriety or color of title—the mere assumption of title to office on one occasion cannot clothe a person with the title of a de facto officer

- continuously exercise the functions of the office

- appear to hold an actual office—there can be no de facto officer where, for want of an office, there can be no de jure officer

18B Am. Jur. 2d Corporations § 1229 (footnotes omitted).

A corporation in its corporate name, can maintain any action respecting its corporate property that an individual can. The persons claiming to be the officers of the corporation, and being *de facto* in possession of the corporate franchises and property, may use the corporate name and seal, in the prosecution of such actions. It is settled upon authority, that a defendant in such actions, cannot defend himself by denying the rightful existence of the corporation, if it have a *de facto* existence; or by impeaching the title of the *de facto* officers by showing some irregularity in their election, if they have a colorable right. The only way in which the right to an office can be tried, is by an action of *quo warranto*.

*R. R. v. Johnston*, 70 N.C. 348, 349-50 (1874). Moreover, "the validity of the acts of *de facto* officers cannot be collaterally impeached." *Id.* at 350.

In the instant case, there was no genuine issue of material fact that Diffee was acting in at least a *de facto* capacity as plaintiff's president when she terminated defendant's lease. In her affidavit, Diffee averred that she was validly elected as president by plaintiff's members and was acting in that capacity when she terminated the lease. Plaintiff also provided an affidavit that averred that Diffee was listed as an officer of plaintiff on plaintiff's bank account and had signing authority over that account.

---

1. While plaintiff is a nonprofit corporation, "the statutory provisions relating to the identity, appointment, functions, resignation, removal, and contract rights of officers are virtually identical" to the statutes governing for profit corporations. Russell M. Robinson, II, *Robinson on North Carolina Corporation Law* § 33.06 (2009).

Moreover, there was no genuine issue of material fact that plaintiff, as a corporation, has an officer with the title of president. The original lease between plaintiff and defendant was executed on plaintiff's behalf by Shelton, who was identified on the lease as plaintiff's president. Defendant does not dispute the validity of this lease. In addition, defendant's affidavits do not aver that plaintiff does not have an officer with the title of president; rather, defendant's affiants state their belief that "any officer acting on behalf of the corporation has been without authority of the Board of Directors to do so." Thus, these affidavits do not create a genuine issue of material fact regarding whether Diffee was acting in at least a *de facto* capacity in terminating the lease.

Since "the validity of the acts of *de facto* officers cannot be collaterally impeached," *Johnston*, 70 N.C. at 350, defendant's affidavits failed to create a genuine issue of material fact regarding the validity of plaintiff's termination of the lease. As a result, the trial court correctly granted summary judgment in favor of plaintiff. The trial court's order is affirmed.

Affirmed.

Judge ERVIN concurs.

Judge THIGPEN dissents by a separate opinion.

THIGPEN, Judge *dissenting*.

I dissent from the majority's determination that in this case there is no genuine issue of material fact because Frances Diffee acted in a *de facto* capacity as Plaintiff corporation's president when she terminated Defendant's lease.

The majority opinion holds that Frances Diffee was a *de facto* officer of Plaintiff corporation. While I agree with this conclusion, I do not believe this holding is dispositive of the case. I believe the analysis involves a two-step process, and the majority opinion only resolves one issue in the analysis. The first issue is whether Frances Diffee is an officer of Plaintiff corporation. This issue has been resolved. However, the second issue is whether Frances Diffee was authorized as an officer of Plaintiff corporation to terminate Defendant's lease. On this issue, I believe there continues to be an issue of material fact.

Moreover, I am concerned that the use of the language in the opinion that the "validity of an act [of a *de facto* officer] cannot be collaterally impeached" is language inapplicable to the facts of this case and should not be read for the general proposition that the acts of a *de facto* officer of a corporation cannot be contested.

Lastly, I believe the affidavit of Frances Diffee and the Articles of Incorporation of Plaintiff corporation are contradictory and thus create a genuine issue of material fact on the issue of whether Frances Diffee had the authority to terminate Defendant's lease.

"It is axiomatic that the party moving for summary judgment has the burden of establishing the absence of any triable issue of fact." *Henderson v. Provident Life & Acci. Ins. Co.*, 62 N.C. App. 476, 479, 303 S.E.2d 211, 213 (1983). Plaintiff corporation moved for summary judgment in the present case. Defendant contended "[t]here have been no . . . directors meetings and no appointment of officers to conduct the business of the corporation[,]" ultimately arguing Francis Diffee was without authority to act on behalf of Plaintiff corporation to terminate Defendant's lease.

"A corporation can act only through its agents, which include its corporate officers." *Ellison v. Alexander*, ___ N.C. App. ___, ___, 700 S.E.2d 102, 111 (2010) (quotation omitted); *see also Raper v. McCrory-McLellan Corp.*, 259 N.C. 199, 205, 130 S.E.2d 281, 285 (1963) (stating, "[i]t is elementary knowledge that a corporation in its relations to the public is represented and can act only by and through its duly authorized officers and agents"). It has been established that officers of private corporations may be *de facto* officers. *See Lowder v. All Star Mills, Inc.*, 75 N.C. App. 233, 241, 330 S.E.2d 649, 654 (1985); *Kinesis Adver., Inc. v. Hill*, 187 N.C. App. 1, 16, 652 S.E.2d 284, 295 (2007). Arguably, officers of nonprofit corporations may also be *de facto* officers. Russell M. Robinson, II, Robinson on North Carolina Corporation Law § 33.06 (2009) (stating "the statutory provisions relating to the identity, appointment, functions, resignation, removal, and contract rights of officers are virtually identical" to the statutes governing for profit corporations).

In the present case, even though Frances Diffee is a *de facto* officer, Frances Diffee does not thereby necessarily have the authority to terminate Defendant's lease. With regard to officers of a nonprofit corporation, N.C. Gen. Stat. § 55A-8-41 states "[e]ach officer has the authority and duties set forth in the bylaws or, to the extent consistent with the bylaws, the authority and duties prescribed by the board

**HAVELOCK YACHT CLUB, INC. v. CRYSTAL LAKE YACHT CLUB, INC.**

[215 N.C. App. 153 (2011)]

of directors or by direction of an officer authorized by the board of directors to prescribe the authority and duties of other officers." In this case, the bylaws are not part of the evidence of record, the Articles of Incorporation shed no light on the authority of the office of president, and the record is devoid of evidence that any board of directors or officer of Plaintiff corporation assigned certain duties and authorities to the office of president. Moreover, there is no evidence of record that Frances Diffee has ever, in the past, terminated a lease on behalf of Plaintiff corporation in her *de facto* capacity. In these circumstances, a party should be able to contest the authority of an officer to act on behalf of the corporation. However, the majority's holding that the "validity of an act cannot be collaterally impeached," if applied in the context of this case, could be read for the proposition that the authority of a *de facto* officer to take an action on behalf of a corporation could never be contested. This, I believe, is incorrect.

Secondly, I believe the majority's reliance on *R. R. v. Johnston,* 70 N.C. 348, 350 (1874) for the proposition that "validity of the acts of *de facto* officers cannot be collaterally impeached" is misplaced because *Johnston* is distinguishable from the present case. In *Johnston,* one Board of Directors of a corporation filed suit against another Board of Directors, which claimed to be the legally appointed Directors of the same corporation. The holding in *Johnston* applies to cases in which the validity of an election or appointment is being challenged—essentially, the "*right* to an office," *Johnston,* 70 N.C. at 350 (Emphasis in original). However, here, Defendant does not "deny[] the rightful existence of the corporation" or "impeach[] the title" of Frances Diffee as *de jure* or *de facto* president. *See id.* Rather, Defendant challenges Frances Diffee's authority to terminate their lease on behalf of Plaintiff corporation. This, I believe Defendant may do, not via a proceeding of *quo warranto,* but pursuant to N.C. Gen. Stat. § 1A-1, Rule 9(a), which provides the following:

> Any party suing in any representative capacity shall make an affirmative averment showing his capacity and authority to sue. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or *the authority of a party to sue* or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

N.C. Gen. Stat. § 1A-1, Rule 9(a) (2009) (Emphasis added).

**HAVELOCK YACHT CLUB, INC. v. CRYSTAL LAKE YACHT CLUB, INC.**

[215 N.C. App. 153 (2011)]

Finally, I believe a contradiction between the affidavit of Frances Diffee and Plaintiff corporation's Articles of Incorporation creates a genuine issue of material fact. Frances Diffee averred that "as President of [Plaintiff corporation] she is authorized to conduct banking business and to carry on the everyday business of [Plaintiff corporation] pursuant to its Articles of Incorporation[.]" This authorization, Frances Diffee avers, includes the authority to "initiate the termination of the lease to [Defendant]." However, the Articles of Incorporation make no mention of the authority of particular members, officers or agents to perform "banking business" or "everyday business" on behalf of Plaintiff corporation. Neither do the Articles of Incorporation mention the office of president.[1] See *Gilreath v. N.C. HHS*, 177 N.C. App. 499, 501, 629 S.E.2d 293, 295 (2006) (Exhibits submitted in support of affidavits may be considered on summary judgment). Since the affidavit of Frances Diffee and the attached Articles of Incorporation were the only evidence offered by Plaintiff corporation on the issue of the authority of Frances Diffee to terminate Defendant's lease,[2] I do not believe such contradictory evidence satisfied Plaintiff corporation's burden of establishing the absence of a triable issue of fact.

For the foregoing reasons, I respectfully dissent.

---

1. Although "a nonmovant may not generate a conflict simply by filing an affidavit contradicting his own sworn testimony where the only issue raised is credibility[,]" *Allstate Ins. Co. v. Lahoud*, 167 N.C. App. 205, 211, 605 S.E.2d 180, 185 (2004), *aff'd per curiam*, 359 N.C. 628, 614 S.E.2d 304 (2005), "[t]he party moving for summary judgment has the burden of showing the lack of any triable issue of fact; his papers are carefully scrutinized and those of the non-movant are indulgently regarded." *Lessard v. Lessard*, 77 N.C. App. 97, 99, 334 S.E.2d 475, 476 (1985). "If the evidentiary materials filed by the parties disclose the existence of a genuine issue of material fact, summary judgment must be denied." *Id.*

2. I recognize that the affidavit of Roberta F. Justice, a notary public at First Citizens Bank and Trust Company, provided evidence that Frances Diffee was an "officer[]" of Plaintiff corporation and had "signing authority . . . according to bank records." However, evidence of "signing authority" for banking purposes does not equate authority to terminate Defendant's lease.